■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BURCH, Appellant. [625 NYS2d 309] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 1, 1994, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

On this appeal, we find all of defendant's claimed errors to be without merit except for his assertion that County Court erred in summarily denying his motion to dismiss the indictment based upon impairment of the Grand Jury process. As part of his omnibus motion, defendant moved to dismiss the indictment on the ground that certain prosecution witnesses violated the secrecy of the Grand Jury by positioning themselves in the Grand Jury anteroom so as to be able to overhear the testimony of defendant before the Grand Jury. While the cases dealing with this issue traditionally deal with unau-

thorized persons in the Grand Jury room *(see, e.g., People v Hyde,* 85 AD2d 745) and two or more fact witnesses simultaneously in the Grand Jury room *(see, e.g., People v Sayavong,* 83 NY2d 702), it seems clear that where a fact witness is able to hear the testimony of another witness given before the Grand Jury, even if he or she is not physically present in the Grand Jury room, that the same risks and potential for prejudice would exist, i.e., that the witness might be taught by hearing the other witness's testimony and thereafter tailor his or her testimony to the overheard testimony *(see, supra,* at 708-710). In responding to the omnibus motion, the People controverted defendant's assertions by providing the statement of an Assistant District Attorney, who asserted that he had been present in the Grand Jury anteroom on many occasions since January 1989 and at no time was he ever able to overhear a Grand Jury presentment or a Grand Jury deliberation. Under the circumstances, it was incumbent upon County Court to conduct a hearing and make findings of fact essential to the determination of defendant's motion *(see,* CPL 210.45 [6]).

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.