(July 27, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BURCH, Appellant. [630 NYS2d 104] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 1, 1994, upon a verdict

convicting defendant of the crime of criminal possession of stolen property in the third degree.

At issue on this appeal is the propriety of County Court's denial of defendant's motion to dismiss the indictment on the ground that there had been a defective Grand Jury proceeding (*see,* CPL 210.35 [5]). By order of this Court dated April 6, 1995, this case was remitted for further proceedings with regard to defendant's allegation that the integrity of the Grand Jury proceeding was impaired by certain prosecution witnesses who had positioned themselves in the Grand Jury anteroom so as to be able to overhear the testimony of defendant before the Grand Jury (214 AD2d 774). We now affirm.

Initially, we reject defendant's assertion that the County Judge erred in failing to recuse himself. Absent legal disqualification (*see,* Judiciary Law § 14), the Judge is the sole arbiter of a recusal motion, and such a determination constitutes a matter of personal conscience (*see, People v Moreno,* 70 NY2d 403, 406). There is no allegation that the County Judge was legally disqualified and we perceive no abuse of discretion in his declining to recuse himself.

On the initial motion to dismiss the indictment, which County Court summarily denied, defendant presented evidence that a number of Grand Jury witnesses positioned themselves in the Grand Jury anteroom so that they could overhear defendant, who was testifying before the Grand Jury. The allegations were controverted by the prosecution, and we held that it was error to decide the motion without a fact-finding hearing. The hearing has now been conducted and County Court has determined, as a matter of fact, that none of the complained-of persons overheard defendant's testimony. At the hearing, each of the witnesses accused of overhearing defendant's testimony was sworn and specifically denied having done so. Additionally, there was evidence that it was not possible for persons in the anteroom to overhear testimony being presented to a Grand Jury, other than "snippets" of such testimony. While there was some evidence to the contrary, this merely presented credibility issues for County Court, whose determination is to be accorded great weight on appeal (*see, People v Grajales,* 187 AD2d 631, *lv denied* 81 NY2d 789).

Given the foregoing, it is clear that defendant failed in his burden of proving that the proceedings had been impaired. We reject defendant's contention that he did not have to demonstrate that the witnesses actually overheard defendant's testimony and that he was thereby prejudiced. While it is true, as defendant contends, that he need not prove actual prejudice

(see, *People v Wilkins*, 68 NY2d 269, 276), in determining whether a possibility of prejudice may have resulted the courts have been confronted with the actual presence of unauthorized persons in the Grand Jury proceedings, leading to the almost inevitable conclusion that the goals of the secrecy requirement of such proceedings, i.e., "the protection of witnesses and fostering of truthful testimony", have been impaired (*People v Sayavong*, 83 NY2d 702, 708). Here, the persons referred to by defendant were not present in the Grand Jury room during defendant's testimony. There can be no claim, therefore, that they may have influenced the testimony of defendant (*see, People v Minet*, 296 NY 315). The only means by which the alleged unauthorized hearers of defendant's testimony could have impaired the proceedings was affording them, by reason of hearing the testimony, the opportunity to tailor their own testimony as a result thereof (*cf., People v Santana*, 80 NY2d 92, 100). Inasmuch as County Court found that none of the complained-of persons overheard defendant's testimony, there is no basis for a finding of a possibility of prejudice and defendant's motion was properly denied.

We have considered defendant's remaining contention and find it equally unavailing.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5).