■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK WILBUR, Appellant. [632 NYS2d 293] —Crew III, J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 1, 1994, upon a verdict

---

convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree.

In the fall of 1992, Leon Walker, a dairy farmer in Washington County, entered into an agreement to purchase cattle from defendant. Defendant kept his cattle at Galick Farms in Vermont and marked each of them with two ear tags of various colors. David Perry, also a Washington County dairy farmer, pastured some of his cows at Galick Farms and marked each with four ear tags, which included a handwritten yellow herd identification tag. In accordance with the agreement with Walker, defendant, assisted by Walker farm hands Jeremy Younger and codefendant Lawrence Burch, herded, loaded and transported 40 cows from Galick Farms to Walker's farm. Thereafter, Perry went to Galick Farms and discovered that approximately 14 of his cows were missing. Upon making inquires in the Washington County farming community, Perry was advised that his missing cows could be found on Walker's farm. On November 23, 1992, Perry identified a number of his cows in a herd at the Walker farm. While none of the cows identified had identification tags, each cow had four holes in its ear where tags had been removed. Defendant was indicted by the Grand Jury and charged with one count of criminal possession of stolen property in the third degree and one count of criminal possession of stolen property in the fourth degree. Following a jury trial, defendant was convicted on both counts of the indictment and sentenced to concurrent terms of imprisonment of 2 to 6 years and 1 to 3 years, respectively. This appeal has ensued.

Defendant contends that the verdict was not supported by legally sufficient evidence in that the People failed to produce competent evidence that defendant knew he was in possession of stolen property. We disagree. Viewing the evidence in the light most favorable to the prosecution, as we must, it is clear that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (*see, People v Allah*, 71 NY2d 830). Here, the only element in dispute is whether defendant knew that the cows he possessed did not belong to him and a review of the record reflects that there is sufficient evidence to establish such knowledge. Initially, we note that defendant admitted that it was possible that he may have mixed up some of his cows with the Perry cows. Additionally, Younger testified that several days after the cows were transported to the Walker farm, he and Burch cut off the yellow ear tags with the handwritten herd identification informa-

tion. And while defendant testified that he could identify his cows by their ear tags and the descriptions written thereon, Younger testified that defendant seemed to be selecting the bigger heifers without making any reference to their ear tags. Additionally, defendant testified that his cows were "double tagged" and that he had no cows at Galick Farms with handwritten ear tags. Given that, the jury certainly was justified in inferring that had defendant actually identified his cattle by reference to the ear tags, he could not have confused his cattle with Perry's cattle. Finally, defendant told Burch at the time they were transporting the cows to Walker's farm that he may have mixed up some of the heifers.

Defendant next asserts that County Court erred in admitting into evidence the pretrial statement and Grand Jury testimony of his codefendant, Burch. While defendant did not preserve this issue for appellate review by objecting to the introduction of said statement and testimony or moving for a severance, we will consider the issue in the interest of justice (*see*, CPL 470.15 [6] [a]). It is now well established that the Confrontation Clause of the Federal and State Constitutions (*see*, US Const 6th Amend; *see also*, NY Const, art I, § 6) bars the admission of a codefendant's statement which implicates the defendant (*see*, *Bruton v United States*, 391 US 123; *People v Hamlin*, 71 NY2d 750). Nevertheless, if there is no reasonable possibility that such erroneously admitted evidence contributed to the conviction, the error is considered harmless and does not warrant reversal (*see*, *People v Hamlin*, *supra*; *People v Crimmins*, 36 NY2d 230, 237). Here, however, the error cannot be considered harmless. The sole issue at trial was whether defendant knew that he wrongfully possessed Perry's cows or whether such possession was simply an honest error, and proof of the former was circumstantial at best. Clearly, the evidence of guilt, absent the codefendant's statement and Grand Jury testimony, can hardly be said to have been overwhelming. Under those circumstances, the hearsay evidence of Burch that defendant told him at the time the cows were being transported to Walker's farm that "[he] may have mixed up some of the heifers" and his Grand Jury testimony that "maybe [defendant] has some of Perry's heifers, I don't know" could not have helped but have a prejudicial effect upon the minds of the jury (*see*, *People v Hamlin*, *supra*, at 758).

Finally, we reject defendant's contention that the indictment should have been dismissed because the integrity of the Grand Jury process was impaired. Unlike *People v Burch* (214 AD2d 774), County Court properly denied defendant's motion sum-

marily because there was no supporting affidavit containing sworn allegations of facts justifying such dismissal.

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.