■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SPEED, Appellant. [641 NYS2d 937] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant, who was charged with criminal possession of a controlled substance with intent to sell (Penal Law § 220.16 [1]), requested a jury instruction on the defense of agency (*see, People v Sierra*, 45 NY2d 56, 58-59). At defense counsel's request, County Court

did not charge the examples contained in the pattern jury instructions (see, 3 CJI[NY] PL art 220, at 1749-1754). By requesting the charge as given, defendant waived any objection to the charge. In any event, the charge on the defense of agency was not deficient; it contained the requisite elements and theory of the defense (see, People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935).

The contention that defendant was denied effective assistance of counsel is without merit. "[T]he evidence, the law, and the circumstances of [the] * * * case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147). Defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (People v Garcia, 75 NY2d 973, 974). To the extent that defendant's claims of ineffective assistance arise from matters outside the record, the facts underlying such claims should be developed through a postjudgment motion under CPL article 440 (see, People v Parker, 220 AD2d 819).

We reject defendant's contention that the jury was improperly sequestered. After the case had been submitted to the jury, deliberations were suspended during lunch. Upon returning from lunch, one of the jurors stepped into the restroom, unobserved by the supervising officer, and was alone there for two minutes until the officer retrieved him. Although CPL 310.10 (1) provides that the jury, upon retiring to deliberate, must "be continuously kept together under the supervision of a court officer", the Court of Appeals has stated that under CPL 310.10 separation of jurors is permissible "so long as the jurors remain supervised" (People v Fernandez, 81 NY2d 1023, 1024). Here, upon questioning by the court, the juror stated that he was alone in the restroom. Further, no deliberations took place during the juror's separation from the rest of the jury. Under the circumstances of this case, although the juror was not supervised, "there was no separation from the jury panel as contemplated by the statute and consequently no violation of the statutory mandate" (People v Lee, 205 AD2d 558, 559, lv denied 84 NY2d 828).

As charged to the jury, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) is a lesser included offense of criminal possession of a controlled substance in the third degree (Penal Law § 220.16). As a result of defendant's conviction of the more serious crime, defendant's conviction of the lesser included offense must be reversed, the

sentence imposed thereon vacated and count two of the indictment dismissed (*see*, CPL 300.40 [3] [b]; *People v Reed*, 222 AD2d 459; *cf., People v Palmer*, 216 AD2d 883, *lv denied* 86 NY2d 799).

Finally, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.