■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BURGESS, Appellant. [661 NYS2d 70] —Spain, J. Ap-

peal from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 11, 1995, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminally possessing a hypodermic instrument.

In May 1995 defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree and criminally possessing a hypodermic instrument. The indictment stems from the stop of a vehicle in which defendant was a passenger in the City of Hudson, Columbia County, by Sheriff's Deputies Michael Merante and John Grandinetti, who later testified at a suppression hearing that when they stopped the vehicle they were aware of an outstanding warrant for defendant's arrest. After defendant was taken into custody and as the Deputies prepared to search him, he was asked if he had anything on his person to which he responded "maybe". Defendant was then directed to empty his pockets; as he began to do so, he stated that he had a hypodermic needle and a crack pipe which he proceeded to remove from one of his front pockets. Thereafter, defendant was asked if he had anything else, to which he replied in the negative. However, in the process of frisking defendant it was discovered that he had a leather pouch hanging from his belt by a string; when he was asked what was inside, defendant responded that it contained addresses. Merante testified that as he began to open the pouch he stated "Addresses and phone numbers?", to which defendant responded that there was crack in the pouch. According to Merante, he then asked defendant how much crack was in the pouch; defendant's response was that he did not know but that it was not his and that he was selling it for the "Georgia boys". Defendant's testimony contradicted Merante's testimony with respect to what questions were asked and what information was volunteered by defendant; however, as noted by County Court, Merante's testimony was closely corroborated by Grandinetti's testimony.

County Court credited the Deputies' testimony and concluded that defendant's detention and the search of defendant were all pursuant to a lawful arrest based upon the Deputies' awareness of the outstanding arrest warrant; the court also concluded that defendant's statements concerning the contents of the pouch were voluntary and spontaneous and not the result of custodial questioning. Shortly after County Court's ruling, defendant pleaded guilty to the indictment. Defendant was sentenced to a term of imprisonment of 5 to 10 years on the conviction of criminal possession of a controlled substance in

the third degree and to a concurrent term of imprisonment of one year on the conviction of criminally possessing a hypodermic instrument. Defendant appeals.

We affirm. It is well settled that great weight is accorded the trial court's determination at a suppression hearing and, absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous, its determinations are generally not disturbed (see, People v Gutkaiss, 206 AD2d 628, 629-630, lv denied 84 NY2d 936; People v Miret-Gonzalez, 159 AD2d 647, 649, lv denied 76 NY2d 739). While there was some evidence to the contrary, i.e., defendant's testimony and an ambiguous incident report, the record here merely presented ordinary credibility issues which County Court decided against defendant (see, People v Burch, 217 AD2d 851, 852, lv denied 86 NY2d 840). Upon our review of the record we find no basis to disturb County Court's determination that the Deputies were aware of the outstanding arrest warrant at the time they stopped defendant.

Next, we reject defendant's contention that his statements concerning the contents of the pouch were the product of custodial interrogation. The record amply supports County Court's conclusion that defendant merely blurted out a spontaneous ill-conceived statement in a self-generated attempt to distance himself from the obvious discovery of contraband on his person. The evidence, primarily the testimony of the two Deputies, which County Court specifically found to be credible, fully supports the court's determination that defendant's statements admitting that there was crack in the pouch and that he was selling the crack for someone else were volunteered by defendant and were not the product of interrogation (see, People v Poette, 229 AD2d 796, 797, lv denied 88 NY2d 1071). In our view, the casual utterances and actions of the Deputies were those normally attendant to a body search of an individual on an outstanding charge (see, People v Dunn, 195 AD2d 240, 244, affd 85 NY2d 956) and not a disguised attempt at investigatory interrogation (see, People v Hamilton, 227 AD2d 669, 672, lv denied 88 NY2d 1068; People v Torres, 213 AD2d 359, 360, lv denied 86 NY2d 784).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.