■ In the Matter of JANET WERNER, Respondent, v GEORGE WERNER, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Nassau County (O'Shea, H.E.), entered December 26, 1985, which directed the appellant to pay to the Support Collection Unit $150 per week for the petitioner's support, effective as of August 12, 1985.

Ordered that the appeal is dismissed, without costs or disbursements.

Family Court Act § 439 (e), provides that an aggrieved party may submit to a Family Court Judge specific written objections to the final order of a Hearing Examiner within 30 days after entry of the order, upon notice to the opposing party, who shall have eight days to serve and file a written rebuttal to those objections. "Within fifteen days after the rebuttal is filed, or the time to file such rebuttal has expired, whichever is applicable, the [Family] [C]ourt based upon its review of the objections and the rebuttal, if any, shall (i) [remit] one or more issues of fact to the hearing examiner, (ii) make * * * his or her own findings of fact and order, or (iii) deny the objections * * * The final order of a hearing examiner, *after objections* * * * *have been reviewed by a judge,* may be appealed pursuant to article eleven of this act" (Family Ct Act § 439 [e]; emphasis supplied).

The appellant never timely submitted specific written objections to the Hearing Examiner's final order of support, entered December 26, 1985, albeit he was advised of his legal rights by the Hearing Examiner and had, on a previous occasion, submitted specific written objections to a final order of Hearing Examiner Casher, dated September 26, 1985. Having failed to timely exhaust the Family Court procedure for review of any objections to the Hearing Examiner's final order entered December 26, 1985, the appellant has waived his right to appellate review of these objections. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.