OPINION OF THE COURT
Bruce M. Kaplan, J.
Respondent has timely filed an objection to the Hearing Examiner’s order entered on December 13, 1989. The petitioner has timely filed a rebuttal. The objection is denied, and *1015 the respondent is directed to move to vacate his default before the Hearing Examiner.
This objection furnishes an opportunity to examine the appropriate procedures to be followed by a party after a Hearing Examiner enters an order of support or dismissal following a default.
This opinion focuses on the two-step process a defaulter must pursue, and the time frame in which it must be pursued.
In Matter of Beverly S. v Mustafa S. (Fam Ct, NY County, docket No. F 1425/86) Judge Gallet held that it is inappropriate to object to a support order entered upon a respondent’s default. He further determined that the correct procedure was to move before the Hearing Examiner to vacate the default pursuant to CPLR 5015. Subsequently the Third Department reached the same conclusion. (Matter of Wideman v Murley, 155 AD2d 841 [3d Dept 1989].)
Once the defaulting respondent takes this step the matter does not necessarily end. In the event that the Hearing Examiner denies the motion to vacate the default the defaulter may be in somewhat of a quandary as to what should next be done.
It would not be illogical to appeal the denial of the motion to vacate. Unfortunately it would be extremely ill-advised.
The law is well established that the failure to file an objection to the Hearing Examiner’s order forecloses appellate review of those objections. (Matter of Werner v Werner, 130 AD2d 754 [2d Dept 1987]; Matter of Miller v Miller, 137 AD2d 536 [2d Dept 1988]; Matter of O’Leary v O’Leary, 139 AD2d 744 [2d Dept 1988].)
If the motion to vacate is denied then a defaulting respondent should object on two grounds: (1) the excessive amount of the support order entered on default, and (2) the refusal to vacate the default giving rise to the support order.
This suggested procedure is quite straightforward but requires adherence to a timetable not specifically required by statute. Rather it is necessary in order to effectuate the legislative intent that support matters in Family Court be determined expeditiously in accordance with the requirement for accelerated determinations. (Family Ct Act § 439 [e].)
A more compelling constraint for swift resolution devolves from the directives of the Federal Government. Under 45 CFR 303.101, New York is required to use expedited process to establish or enforce support obligations in title IV-D cases. It is further required to complete 90% of these actions, from *1016 time of filing[1] to time of disposition within three months; 98% within six months; and 100% within one year.
In the event these requirements are not met New York may be subject to substantial loss of Federal funds.
Under 45 CFR 305.100, where an audit by the Secretary of Health and Human Services establishes that a State’s program is not in substantial compliance with title IV-D requirements, a portion of the payments due under title IV-A must be withheld. The percentage of the payments withheld range from 1-2% of the payments due for the first period in noncompliance to 3-5% for the third and subsequent consecutive periods of noncompliance. In order to avoid such dire consequences the validity of a support order entered on default cannot be held in year-long limbo.[2]
Since fiscal year 1989 Federal payments subject to penalty reduction aggregate $1,306,056,200, this could amount to a loss of $26,000,000 for the first period in noncompliance.
Accordingly, although CPLR 5015 permits a motion to vacate a default judgment to be made within one year after its entry, the legislative intent undergirding Family Court Act § 439 (e) dictates that this motion be made within 30 days after service of the order on the defaulter. This assures that he or she will have actual knowledge of its existence and terms. (Matter of Stone v Schlegal, 132 Misc 2d 808 [Fam Ct, Onondaga County 1986].)
Therefore respondent’s objection is denied, and respondent directed to move to vacate his default before Hearing Examiner I, within 30 days after receipt of this order.

. It is understood that the Office of Child Support Enforcement of the United States Department of Health and Human Services considers the time to run from the time process is eifectuated.

. While the Office of Child Support Enforcement presently considers an order obtained on default as a final order the concerns that it articulated with respect to the potential for drastic alteration of temporary orders are equally applicable to orders made on default.