■ MIRIAM KOERNER, Respondent, v ANDRAS KOERNER, Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 8, 1990, which, *inter alia,* granted plaintiff's motion for *pendente lite* relief to the extent of directing defendant to pay $160 per week in temporary child support, unanimously affirmed, without costs.

In setting the amount of temporary child support pursuant to Domestic Relations Law § 236 (B) (7), the IAS court was authorized to rely for guidance upon the provisions of the Child Support Standards Act delineated in Domestic Relations Law § 240 (1-b). We find that the computation of child support in this case was well within the statutory parameters. Con-

trary to defendant's assertions, the fact that the parties continue to reside together does not bar the award of child support, where, as in this case, there has been a showing that the award is necessary to maintain the reasonable needs of the child during the litigation (see, Salerno v Salerno, 142 AD2d 670).

Defendant's claim of indigency is unpersuasive, inasmuch as he submitted no evidence to demonstrate that his income would be brought below the poverty income guidelines amount for a single person as reported by the Federal Department of Health and Human Services. (See, Domestic Relations Law § 240 [1-b] [b] [6]; [d], [g].) Nor was the court required to prorate unreimbursed medical expenses (Domestic Relations Law § 240 [1-b] [c] [5]), inasmuch as that section is not controlling in the context of this pendente lite award (Rizzo v Rizzo, 163 AD2d 15). The record is devoid, in any event, of sufficient information from which to calculate future medical expenses.

With respect to the award of interim counsel fees, the IAS court is vested with broad discretion pursuant to Domestic Relations Law § 237 (a). The fee schedules and expenditures were well documented in the moving papers, and in light of the disparity of incomes between the parties, we do not find that the IAS court abused its discretion in that regard. As noted in DeCabrera v Cabrera-Rosete (70 NY2d 879, 881), plaintiff does not have to prove indigency before counsel fees may be awarded. Nor does the fact that the wife has assets of her own necessarily bar an award of attorney's fees (see, Wexler v Wexler, 162 AD2d 326).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.