■ ELIZABETH WOLLNER, Appellant, v LESLIE L. WOLLNER, Respondent.—Casey, J. P. Appeals from a judgment and an amended judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 23, 1990 and November 1, 1990 in Cortland County, upon a decision of the court.

The parties were married on July 31, 1981. The marriage produced no children. Plaintiff was granted a divorce on the ground of cruel and inhuman treatment and contends on this appeal that Supreme Court improperly distributed the marital property and improperly determined plaintiff's maintenance.

Plaintiff had been married previously and owned a home in Rockland County which was valued at $61,000. Supreme Court determined that the proceeds of the sale of this house were plaintiff's separate property. Plaintiff had also received $56,000 from the son of her first marriage and Supreme Court considered this sum as separate property. However, the total amount of plaintiff's separate property was reduced by $27,000 because Supreme Court did not accept plaintiff's explanation of the parties' joint credit card expenses. Defendant's separate property consisted of $15,000 for the sale of a condominium that he had purchased prior to the marriage, $35,000 for the sale of a marina that he had purchased before the marriage,

$2,800 of personal property and $10,000 from the sale of a truck. Following the sale of the Rockland County property, the parties purchased a farm in Cortland County valued at $150,000.

Supreme Court created a formula in which the value of plaintiff's separate property was fixed at $90,000 and the value of defendant's separate property was fixed at $62,800. Using these figures as numerators over the total of the two separate property amounts resulted in yielding plaintiff 58.9% and defendant 41.1% of the proceeds of the sale of the farm. Plaintiff does not contest the use of the formula. She urges, however, that the deduction of $27,000 from her separate property was incorrect; that the proceeds of the sale of defendant's condominium in the amount of $15,000 should have been considered marital property since the money was used for defendant's own personal benefit and not for the purchase or repair of the farm; that $3,300 in equity in the truck defendant used in his business should have been considered marital property; and further that Supreme Court did not properly apply the criteria required by Domestic Relations Law § 236 (B) (5) (d). These claims of plaintiff fail to demonstrate that Supreme Court abused its discretion in its equitable distribution *(see, Petrie v Petrie,* 124 AD2d 449, 450, *lv dismissed* 69 NY2d 1038) or in crediting the testimony *(see, Oswald v Oswald,* 154 AD2d 817, 818).

There is no merit whatsoever in plaintiff's claim that the proceeds of the sale of defendant's condominium in the amount of $15,000 should be considered marital property or that defendant's truck or any part thereof had to be marital property. Furthermore, plaintiff has made no showing of any of the statutory factors that Supreme Court is claimed to have ignored in its evaluation. Accordingly, the judgment and amended judgment of Supreme Court as they relate to equitable distribution should be affirmed.

As to the award of maintenance, however, there is a significant disparity between plaintiff's annual income in the amount of $9,493, consisting only of Social Security funds and a New York State pension, and defendant's annual income of $37,838 that he earns as a truck driver. In view of the disparity and the failure of the record to demonstrate how Supreme Court arrived at its figure of $600 per month maintenance without mentioning the statutory factors that were to be considered pursuant to Domestic Relations Law § 236 (B) (6) (a), the judgment and amended judgment must be modified by reversing the maintenance award and remitting the matter to

Supreme Court for a proper determination of spousal maintenance.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment and amended judgment are modified, on the law, without costs, by reversing so much thereof as fixed the maintenance award to plaintiff at $600 per month; matter remitted to the Supreme Court for the purpose of determining the proper amount of spousal maintenance; and, as so modified, affirmed.