■ BARBARA A. BOTTITTA, Also Known as BARBARA JOACHIM, Respondent, v CHARLES BOTTITTA, Appellant. [598 NYS2d 304] — In a matrimonial action in which the parties were divorced by

a judgment entered November 17, 1977, the defendant former husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mellan, J.H.O.), entered November 27, 1990, as, after a hearing, and upon a prior order of the same court (Geiler, J.), entered November 24, 1989, which interpreted a child support escalation provision in a stipulation of settlement incorporated but not merged in the judgment of divorce, awarded the plaintiff a money judgment in the amount of $24,512, representing arrears in child support due and owing the plaintiff for the years 1984 through 1989, (2) from an order of the same court (Mellan, J.H.O.), entered February 1, 1991, which granted the plaintiff former wife's motion for counsel fees in the amount of $9,450, and (3) purportedly from so much of the order of the same court (Geiler, J.), entered November 24, 1989, as denied his motion for counsel fees.

Ordered that the defendant's purported appeal from so much of the order entered November 24, 1989, as denied his motion for counsel fees, is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered November 27, 1990, is reversed insofar as appealed from, and the order entered February 1, 1991, is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination, in accordance herewith, as to (1) the amount of arrears in child support owing to the plaintiff, if any, pursuant to the child support escalation provision in the stipulation of settlement incorporated but not merged in the judgment of divorce, and (2) the amount of counsel fees to be awarded to the plaintiff; and it is further,

Ordered that the plaintiff is granted leave to amend her application for arrears pursuant to Domestic Relations Law § 244-a.

The order of the Supreme Court, Suffolk County, entered November 24, 1989, *inter alia,* denied the defendant's motion for counsel fees. Since the defendant withdrew his notice of appeal from that order, his purported appeal from so much of that order as denied his motion for counsel fees must be dismissed.

In that very same order, entered November 24, 1989, the Supreme Court, in delineating the issues to be determined at a hearing to be held on the defendant's motions, interpreted

the child support escalation provision in a stipulation of settlement which was incorporated but not merged in the judgment of divorce in a manner adverse to that advanced by the defendant. However, that provision of the order entered November 24, 1989, was not appealable as of right, since the hearing had not been held (see, CPLR 5701 [a] [2]; *Palma v Palma*, 101 AD2d 812). Child support arrears allegedly due to the plaintiff based on the child support escalation provision were not determined until an order was entered November 27, 1990, after a hearing, granting the plaintiff a money judgment for them. Since the defendant timely appealed from the order entered November 27, 1990, his argument on appeal, to wit, that the Supreme Court erroneously interpreted the child support escalation provision, is properly before this Court.

Pursuant to the stipulation of settlement, the parties agreed that the defendant would pay the plaintiff $140 per month in child support for each of their two children. The stipulation also contained the following escalation provision with respect to the defendant's child support obligations: "The * * * provisions for * * * child support are based upon the defendant's representation and the plaintiff's belief and reliance therein that his total net earnings from all sources including commissions, overtime, *et cetera*, consists of $900.00 per month. It is further stipulated and agreed that in the event of an increase in the defendant's earnings (to be defined as net earnings after deduction of Federal, State and Local Income Tax, in addition to any expense for hospitalization policies and disability care) the defendant shall pay to the plaintiff as additional child support 20% of any net increase in earnings up to a net of $50,000.00 per annum".

The plaintiff moved in Supreme Court, by order to show cause dated March 21, 1986, to enforce the defendant's child support obligation, as incorporated into the divorce judgment, seeking arrears pursuant to the escalation provision's formula. The plaintiff contended that the term "earnings", as defined therein, precluded the defendant, who was both a salaried employee and an independant insurance agent, from deducting, for the purposes of calculating possible arrears due thereunder, allowable business expenses from his "earnings", since the stipulation did not expressly provide for such a deduction. The Supreme Court adopted the plaintiff's interpretation of the child support escalation provision and, after a hearing, granted the plaintiff an award of arrears for the years 1984 through 1989, based on calculations, pursuant to the escala-

tion formula, that did not account for the defendant's allowable business deductions.

We disagree with the Supreme Court's interpretation of the child support escalation provision.

It is well settled that a stipulation of settlement entered into by spouses in comtemplation of divorce is a contract subject to principles of contract interpretation (see, Rainbow v Swisher, 72 NY2d 106; see also, Matter of Meccico v Meccico, 76 NY2d 822). A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning (see, Slamow v Del Col, 174 AD2d 725, affd 79 NY2d 1016; Tantleff v Truscelli, 110 AD2d 240, affd 69 NY2d 769). The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties (see, Laba v Carey, 29 NY2d 302; Levine v Shell Oil Co., 28 NY2d 205). In this regard, the term "earnings", as defined by the parties, has generally been construed, in the context of alimony and child support, to mean nothing more than "net income", or gross income less allowable business expenses (see, Dobbins v Dobbins, 59 AD2d 548, 549; Matter of Cannan v Cannan, 79 AD2d 1085). Since the Supreme Court failed to deduct the defendant's allowable business expenses in its calculations, the matter is remitted to the Supreme Court for a new determination with respect to the amount of arrears, if any, due the plaintiff from 1984, pursuant to the child support escalation provision, in accordance with the definition of "earnings" as set forth herein.

In addition, on remittitur, leave is granted to the plaintiff to amend her papers in support of her application, pursuant to Domestic Relations Law § 244-a, to include any appropriate arrears under the child support escalation provision which have accrued from the commencement of the proceeding on March 21, 1986. In this regard, we note that the children of the marriage reached the age of 21 years on March 12, 1989, and April 25, 1992, respectively. Finally, in light of our determination concerning the proper interpretation of the child support escalation provision, we deem it appropriate to reverse the award of counsel fees which was granted to the plaintiff and remit to the Supreme Court for a new determination of this issue (see, Roiphe v Roiphe, 98 AD2d 676).

We have considered the parties' remaining contentions and find them to be either academic or without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.