In the Matter of SUDESH SETH, Respondent, v SHAM SUNDER SETH, Appellant. [610 NYS2d 894] —Order unanimously affirmed without costs. Memorandum: Family Court erred in its determination that respondent's objections to the order of the Hearing Examiner were untimely. Section 439 (e) of the Family Court Act provides that respondent has 30 days from the entry of the order to file his objections. The running of that period commences with service of notice of entry upon the affected party (see, Matter of Canfield v Canfield, 185 AD2d 611; Matter of Commissioner of Social Servs. v Paulino F., 146 Misc 2d 1014). Respondent filed his objections on August 30, 1990. The record fails to establish that respondent was served with the order prior to August 1, 1990 and, therefore, it cannot be said that respondent's objections were untimely.

We agree, however, with Family Court's confirmation of the Hearing Examiner's findings of fact and order requiring child support payments of $46 per week and $14 per week in child support arrears. The Hearing Examiner's determination that respondent was capable of earning income in an amount sufficient to justify that amount of child support was fully supported by the evidence (see, Kay v Kay, 37 NY2d 632, 637; Matter of Halstead v Halstead, 97 AD2d 588), and the Hearing Examiner properly computed respondent's child support obligation by imputing income to him (Family Ct Act § 413 [1] [b] [5] [v]).

We add that Family Court did not err in requiring respon-

dent to post a $500 undertaking. Such action was warranted by respondent's failure to comply with a lawful order to support *(see,* Family Ct Act § 454 [2] [c]; § 471).

We have examined respondent's remaining contention and find it to be without merit. (Appeal from Order of Queens County Family Court, Schindler, J.—Child Support.) Present— Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.