■ In the Matter of JOAN M. ZUNINO, Respondent-Appellant, v JOHN C. MAHONEY, Appellant-Respondent. [614 NYS2d 161] —In a proceeding pursuant to Family Court Act article 4 for the upward modification of an award of child support, the father appeals and the mother cross-appeals from an order of the Family Court, Nassau County (DeMaro, J.), entered April 10, 1991, which denied their objections to an order of the same court (Watson, H.E.), dated January 2, 1991, which, after a hearing, inter alia, directed the father to increase his child support payments to the sum of $395.42 semimonthly for his two unemancipated children retroactive to August 22, 1989, and directed him to pay an additional $25.00 semimonthly to satisfy arrears. The cross-appeal brings up for review so much of an order of the same court (DeMaro, J.), dated June 5, 1991, as, in effect, upon reargument, adhered to its original determination (see, CPLR 5517 [b]).

Ordered that the appeal is dismissed; and it is further,

Ordered that the cross-appeal from the order entered April 10, 1991, is dismissed, since that order was superseded by the order dated June 5, 1991, made upon reargument; and it is further,

Ordered that the order dated June 5, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Initially, we note that the father waived his right to appellate review of his objections to the Hearing Examiner's order

by failing to timely file those objections. Thus, he failed to timely exhaust the Family Court procedure for review of those objections (see, Family Ct Act § 439 [e]; Matter of Werner v Werner, 130 AD2d 754), and his appeal is hereby dismissed.

With respect to the mother's cross-appeal, we note that the Family Court was not provided with the minutes of the hearing that was conducted before the Hearing Examiner. Thus, the Family Court's review of the Hearing Examiner's order was limited in scope. To the extent that the review was conducted, however, we agree with the Family Court's denial of the mother's objections. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.