■ In the Matter of MIREILLE J., Respondent, v ERNST F. J., Appellant. [632 NYS2d 162] —In a support proceeding pursuant to Family Court Act article 4, the father (1) appeals from an order of the Family Court, Queens County (Lubow, J.), dated December 14, 1993, which denied, in part, his objections to an order of the same court (Gartner, H.E.) dated November 5, 1993, which, after a hearing, directed him, *inter alia,* to pay support of $700 per month for the parties' son and remitted the matter to the Hearing Examiner for "specific findings of fact on the issue of the income imputed to [him]", and (2) purportedly appeals from an order of the same court (Gartner, H.E.), dated December 20, 1993, which made specific findings as to the income imputed to him.

Ordered that the appeal from the order dated December 20, 1993, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated December 14, 1993, as remitted the matter to the Hearing Examiner is dismissed, without costs or disbursements, as the appellant is not aggrieved by that portion of the order; and it is further,

Ordered that the order dated December 14, 1993, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order dated December 20, 1993, must be dismissed as no appeal lies from an order of a Hearing Examiner where as here the appellant has not submitted objections to the order to a Family Court Judge *(see,* Family Ct Act § 439 [e]; *Matter of Werner v Werner,* 130 AD2d 754).

In any event, contrary to the appellant's contentions, the Family Court properly calculated his child support obligation based upon an imputed income of $73,000. The appellant, a physician, earned this amount in his last year of employment prior to opening his own practice. The appellant acknowledged that he was able to pay child support of $500 per month. Therefore, since the appellant admitted an ability to pay child support of $6,000 per year, we reject his claims that the amounts claimed on his income tax returns, i.e. adjusted gross

incomes of $5,786 and $3,544 in 1992 and 1993 respectively, accurately reflect the appellant's actual income. Indeed, in connection with his medical practice the appellant also reported gross receipts of $65,450 in 1992 and $84,179 in 1993. To the extent that the appellant's claimed adjusted gross income figures were calculated reflecting his business deductions and depreciation of business assets, while these figures may be legitimate for tax purposes, they have little bearing on the appellant's actual ability to pay support *(see, Matter of Westchester County Dept. of Social Servs. [Rosa B.] v Jose C.,* 204 AD2d 795, 798). In short, given the conceded conclusion that the appellant's acknowledged ability to pay support exceeded his claimed income, without even considering any of his other expenses, it is clear that the appellant earns more than his reported income and thus his claims of indigency are unpersuasive *(see, Koerner v Koerner,* 170 AD2d 297). Since the evidence established that the appellant's actual income exceeded that which he reported on his tax returns, the court properly disregarded the appellant's claimed income *(see, Matter of Andre v Warren,* 192 AD2d 491), and appropriately calculated the appellant's support obligation with reference to an imputed income amount reflecting the appellant's past earnings, actual earning capacity, and educational background *(see, Matter of Susan M. v Louis N.,* 206 AD2d 612; *Cardia v Cardia,* 203 AD2d 650; *Rosenberg v Rosenberg,* 155 AD2d 428).

We have reviewed the appellant's remaining contentions and find them to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.