■ In the Matter of STEWART GALLAGER, Also Known as STEWART BALES, Appellant, v JUNE E. FLAHERTY, Also Known as JUNE E. BALES, Respondent. [632 NYS2d 239] —Peters, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered October 13, 1994, which granted respondent's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of support.

Petitioner and respondent, now divorced, have two children. Respondent sought an upward modification of petitioner's child support obligation. In a brief evidentiary hearing, petitioner presented portions of his 1993 Federal income tax return which showed salaried income of $38,165 and losses from several side businesses and rental property totaling in excess of $21,000. Petitioner's financial forms identified his living expenses as being in excess of $40,000 per year. At the conclusion thereof, the Hearing Examiner determined that petitioner failed to present a cogent financial picture and therefore disregarded petitioner's stated paper losses. He thus applied the Child Support Standards Act formula (*see,* Family Ct Act § 413) to petitioner's salary minus his Social Security and Medicare withholdings. Upon the denial of petitioner's objections by Family Court, he now appeals.

We find no merit to petitioner's contention that Family Court must accept his tax returns as the sole basis for determining his income. A Hearing Examiner has considerable discretion to attribute or impute income to a parent (*see, Matter of Susan M. v Louis N.,* 206 AD2d 612). The failure of petitioner to reconcile the substantial inconsistencies presented by his evidence necessitated an assessment of credibility by the Hearing Examiner (*see, Matter of Avitzur v Rose,* 174 AD2d 843, 846, *lvs dismissed* 78 NY2d 1007). We find no abuse of discretion in the Hearing Examiner's assessment of such evidence or his reliance upon petitioner's documented salary as the basis for the award. Having made such income determination, we further find, in light of the financial plight of petitioner's first family, that there was no abuse of discretion in failing to consider the needs of petitioner's after-born children.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.