■ In the Matter of Laurie S. Liebman, Respondent, v Aaron H. Liebman, Appellant. [645 NYS2d 581] —Casey, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered April 26, 1995, which, *inter alia*, granted

petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child and spousal support.

Following a hearing on petitioner's application, a Hearing Examiner determined that respondent should pay $600 per month in spousal support and, based upon the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA), he should pay $1,165 per month in child support. Family Court denied respondent's objections and directed that respondent's child support obligation be fixed at $1,184.45 per month. Respondent appeals from Family Court's order.

Respondent contends that for the purposes of CSSA his income should have been determined solely on the basis of the appropriate figure reported on the parties' 1993 Federal income tax return (see, Family Ct Act § 413 [1] [b] [5] [i]). The argument is meritless. There is ample evidence in the record to establish that the figures reported on the return are inaccurate at best. For example, there is evidence that respondent received income from his business activities which he did not declare, reported business expenses for which he was reimbursed, and reported business expenses that were actually personal expenditures. The record reveals that prior to their marital difficulties the parties lived a much more comfortable lifestyle than would be expected from the incomes reported on their tax returns. The record also supports the Hearing Examiner's conclusion that respondent cut his working hours nearly in half in "direct contemplation of the dissolution of the marriage". In these circumstances, Family Court was not required to accept the figures reported on the parties' income tax return (see, Matter of Gallager v Flaherty, 220 AD2d 867).

As CSSA refers to parents who are "possessed of sufficient means or able to earn such means" (Family Ct Act § 413 [1] [a]), Family Court has "considerable discretion" to attribute or impute income to a parent based upon his or her ability to earn sufficient means to pay child support (Matter of Susan M. v Louis N., 206 AD2d 612, 613). We see no abuse of that discretion in this case. Family Court imputed income to respondent on the basis of the unreported income from his business activities, certain business expenses that were personal expenditures, and rental income for an apartment that remained vacant when respondent chose not to attempt to rent it and chose not to live there when he vacated the marital residence.

Respondent contends that if Family Court imputes rental income for the apartment, it should be offset by the mortgage interest and other expenses. The apartment, however, is in a

building that also contains an office used by respondent in his business, which purportedly pays rent for the office. Considering the additional rental income from the business and the fact that respondent stopped paying the mortgages during this proceeding, we see no basis to disturb Family Court's child support award. We note that any uncertainty in establishing respondent's income is directly attributable to the inaccurate financial records, for which respondent is responsible, and the child support awarded by Family Court is consistent with the children's standard of living (*see*, Family Ct Act § 413 [1] [k]; *Orlando v Orlando*, 222 AD2d 906, *lv dismissed and denied* 87 NY2d 1052).

We also find no merit in respondent's claim that his financial condition is such that he cannot afford to pay spousal support. There is ample evidence that respondent's financial condition is not as bleak as he claims and that his problems are largely a result of his decision to reduce his income and increase his expenses in anticipation of divorce. Respondent has the capacity to pay spousal support and considering the relevant factors, including length of the marriage, disparate earning capacities and petitioner's substantial contributions to respondent's career, we will not disturb the award.

As to respondent's final contention, his conclusory allegations are insufficient to warrant departure from the guidelines of CSSA under the "unjust or inappropriate" exception (Family Ct Act § 413 [1] [f]; *Matter of Maddox v Doty*, 186 AD2d 135). The order should be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.