■ In the Matter of KAREN PRILL, Respondent-Appellant, v STEVEN MANDELL, Appellant-Respondent. [655 NYS2d 78] —In a support proceeding pursuant to Family Court Act article 4, (1) the father appeals (a) as limited by his brief, from so much of

an order of the Family Court, Rockland County (Warren, J.), dated October 19, 1995, as denied, in part, his objections to an order of the same court (Miklitsch, H.E.), dated August 24, 1994, granting, after a hearing, his petition for a downward modification only to the extent of reducing his child support obligation to $1,921.27 per month, and (b) as limited by his brief, from so much of an order of the same court, dated October 18, 1995, as denied his cross motion to direct the mother to execute a waiver pursuant to 26 USC § 152 allowing him to claim the parties' child as an income tax deduction in alternate tax years, and (2) the mother cross-appeals (a) as limited by her brief, from so much of the order dated October 19, 1995, as failed to dismiss the father's petition for downward modification of support, and (b) as limited by her brief, from so much of the order dated October 18, 1995, as denied her motion for an award of attorney's fees.

Ordered that the cross appeal from the order dated October 19, 1995, is dismissed; and it is further;

Ordered that on the appeal by the father the order dated October 19, 1995, is modified, by sustaining the father's objection to the calculation of support based on imputed income; as so modified, the order dated October 19, 1995, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 18, 1995, is affirmed insofar as reviewed, without costs or disbursements.

The mother's cross appeal from the order dated October 19, 1995, must be dismissed as no appeal lies from an order of a Hearing Examiner where, as here, the cross-appellant has not submitted objections to the order to a Family Court Judge (see, Family Ct Act § 439 [e]; Matter of Ballard v Davis, 229 AD2d 705; Matter of Mireille J. v Ernst F. J., 220 AD2d 503; Matter of Zunino v Mahoney, 204 AD2d 469; Matter of Werner v Werner, 130 AD2d 754).

It is appropriate to impute income where the father has voluntarily left his employment (see, Hickland v Hickland, 39 NY2d 1; Matter of Mireille J. v Ernst F. J., supra; Alfano v Alfano, 151 AD2d 530; Matter of Miller v Miller, 137 AD2d 536; Matter of Moore v Moore, 115 AD2d 894) or where he has hidden or refused to make his assets productive (see, Kay v Kay, 37 NY2d 632; Matter of Fleischmann v Fleischmann, 195 AD2d 604). The facts of this case do not warrant such a finding (see, Matter of Beck v Beck, 228 AD2d 672), and the Family Court erred in imputing income to the father. However, in light of the fact that the father has secured new employment and cur-

rently earns approximately the same amount determined by the Family Court, there is no need to adjust his child support obligation.

The Family Court did not improvidently exercise its discretion in denying an award of attorney's fees to the mother (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879; *O'Brien v O'Brien*, 66 NY2d 576).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.