■ In the Matter of JULIE L. BARBER, Respondent, v JAMES CAHILL, Appellant. [658 NYS2d 738] —Carpinello, J. Appeal from

an order of the Family Court of Albany County (Maney, J.), entered August 6, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

Petitioner and respondent are the parents of a child born in 1995. In June 1995, a temporary order directing respondent to pay $25 per week in child support was entered. Subsequently, petitioner commenced this proceeding seeking permanent child support and arrears. Following a hearing, the Hearing Examiner determined respondent's adjusted gross income as a self-employed electrician to be $18,036 annually and, after deducting child support payments he paid for his three other children, awarded petitioner $25 per month in child support.

Following objections by petitioner, Family Court reversed this award and remitted the case to the Hearing Examiner for a recalculation of respondent's income. On remittal, the Hearing Examiner determined respondent's adjusted gross income to be $50,993.28 and, based on a combined parental income of $83,889, ordered him to pay $329.10 in biweekly child support, as well as 60% of the child's health insurance costs and child-care costs. With one exception, respondent's objections to the amended findings of fact and order on remand were denied by Family Court.[1] Respondent appeals.

Respondent contends that, for the purposes of the Child Support Standards Act (Family Ct Act § 413 [hereinafter CSSA]), his income should have been determined solely on the basis of the figure reported on line 22 of his 1994 Federal income tax return, which was $14,316. We cannot agree. Family Court Act article 4 does not so narrowly define a parent's income (see, Family Ct Act § 413 [1] [b] [5]) nor has this term been so narrowly defined by the courts (see, e.g., Matter of Liebman v Liebman, 229 AD2d 778; Matter of Smith v Smith, 197 AD2d 830, 831).

In connection with his self-employment, respondent reported gross receipts of $86,303 in 1994 and a gross profit of $47,582. Respondent claims that his income for the purpose of calculating child support should be adjusted to reflect various business expenses and depreciation listed on schedule C of his 1994 tax return. We find that Family Court could properly determine that the $7,958 claimed as depreciation was not an actual, out-of-pocket business expense incurred by respondent impacting his ability to pay child support (see, Matter of Westchester

---

1. The Hearing Examiner had previously made the order retroactive to the date of the petition, which was modified by Family Court to the date of the child's birth.

*County Dept. of Social Servs. [Rosa B.] v Jose C.*, 204 AD2d 795).

With respect to the other business expenses outlined on schedule C, however, there is no evidence in the record that these expenses were not actually incurred by respondent in his business (*cf.*, *Matter of Liebman v Liebman, supra*; *Matter of Mireille J. v Ernst F. J.*, 220 AD2d 503). Although the statute itself contains no explicit authorization to deduct the business expenses of a self-employed individual from income (*compare*, Family Ct Act § 413 [1] [b] [5] [vii] [A]), "earnings" for the purpose of the CSSA has been defined as "gross income *less allowable business expenses*" (*Bottitta v Bottitta*, 194 AD2d 510, 513 [emphasis supplied]). We find that Family Court erred in not allowing these business expenses, totaling $14,660 exclusive of depreciation, to be deducted from the gross profit reported on respondent's tax return.

We are also persuaded by respondent's contention that Family Court improperly imputed $8,671.28 to his total income. This figure represents alleged personal expenses charged to respondent's business account and paid with business funds. Although Family Court Act § 413 gives courts considerable discretion to impute income from various resources (*see*, Family Ct Act § 413 [1] [b] [5] [iv]), we note initially that there is nothing in the record to substantiate this figure. In any event, the record establishes that respondent utilized one bank account for both business and personal expenses. Respondent's payment of personal expenses from the business's net profit (i.e., from his own income) does not constitute *additional* personal income to be imputed under these circumstances. Notably, these alleged personal expenses were not deducted on respondent's tax return as business expenses. Imputing this sum to respondent as income is therefore inappropriate because to do so would be counting it as income twice.

We disagree with respondent's contention that he is entitled to a credit for the monthly mortgage payment he voluntarily pays for his ex-wife allegedly in lieu of child support for their two children. Respondent failed to produce either a "court order or written agreement" (Family Ct Act § 413 [1] [b] [5] [vii] [D]) pursuant to which he pays child support for these children. Accordingly, Family Court did not err in finding that respondent is not entitled to the credit (*see*, *Matter of Commissioner of Social Servs. [Selena S.] v Conrad R. W.*, 222 AD2d 585, 586-587).

Thus, the combined parental income for the purposes of the

CSSA is $60,478 of which $27,582[2] (46%) is attributable to respondent. Application of the formula results in a support obligation of $182 biweekly ($60,478 x .17 = $10,281; $10,281 x .46 = $4,729 per year). We further modify Supreme Court's order to establish that defendant's share of the child's health insurance costs and child care costs is 46%.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as based respondent's child support obligations on an income of $50,993.28; respondent's income for the purposes of the Child Support Standards Act is $27,582, respondent's child support obligation shall be $182 biweekly and the parties' proportionate share of health care and child care costs for the child are determined to be 54% for petitioner and 46% for respondent; and, as so modified, affirmed.

2. This figure is derived by deducting $1,380 (self-employment tax actually paid), $14,660 (business expenses exclusive of depreciation) and $3,960 (child support paid for another child pursuant to a court order) from respondent's gross profit of $47,582.