■ In the Matter of KATHLEEN KLEIN, Respondent, v BARRY KLEIN, Appellant. [674 NYS2d 142] —Spain, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.),

entered March 13, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

The parties were married in 1970, separated in 1992 and have three children, Russell (born in 1973), Richard (born in 1975) and Kevin (born in 1985). The relevant background involving the parties may be found in our earlier decision (228 AD2d 832).[1] The instant proceeding was commenced in May 1995 when petitioner filed a modification petition wherein she pleaded a change of circumstances, more specifically, an alleged dramatic increase in respondent's income. At the time the petition was filed, Kevin was in petitioner's custody and Richard was in respondent's custody.[2] Following a hearing wherein the parties testified and numerous financial records, including tax returns, were introduced into evidence, the Hearing Examiner granted the modification petition and ordered that respondent pay child support to petitioner for Kevin in the amount of $971 per month. The Hearing Examiner resolved credibility issues relating to respondent's finances in favor of petitioner. Based upon respondent's lifestyle, his ownership of two cash-based businesses with gross receipts in excess of $350,000 and his ownership of other assets, the Hearing Examiner imputed his income to be approximately $70,000. Respondent filed objections and Family Court affirmed the order of the Hearing Examiner, stating that the Hearing Examiner was justified in considering factors other than respondent's reported income in calculating child support because respondent did more to obscure than clarify his financial situation. Respondent appeals.

We affirm. Initially, we conclude that the substantial change in respondent's income provides the necessary change in circumstances to warrant a modification of the previous order of support. Next, given respondent's failure to provide sufficient documentation of his income and his personal and business-related expenses from his cash-based businesses, a number of questions of credibility were present in this proceeding. Based

1. This Court remitted to determine if Family Court's reference in its order to Russell Klein rather than Richard Klein was inadvertent. On remittal, Family Court found that its order did indeed inadvertently substitute Russell for Richard.

2. In August 1995 petitioner filed a petition requesting termination of her child support obligation for Richard; the request was based upon Richard's emancipation, which occurred just prior to the filing of her petition. Petitioner's request was granted and an order was entered on September 5, 1995 which is not the subject of this appeal.

upon respondent's failure to differentiate and document his personal income and living expenses apart from his business expenses, we find no reason to disturb the Hearing Examiner's credibility determinations (*see, Matter of Gallager v Flaherty,* 220 AD2d 867; *Matter of Avitzur v Rose,* 174 AD2d 843, *appeal dismissed* 78 NY2d 1007), the Hearing Examiner having been in the best position to hear and evaluate the evidence as well as the believability of the witnesses (*see, Matter of Berg v O'Leary,* 193 AD2d 732; *Quinn v Quinn,* 145 AD2d 754).

Furthermore, considerable discretion is given to a Hearing Examiner to attribute or impute income to a parent (*see,* Family Ct Act § 413 [1] [b] [5]). It is well settled that income may be imputed on the basis of unreported business activity (*see, Matter of Liebman v Liebman,* 229 AD2d 778, 779; *Matter of Susan M. v Louis N.,* 206 AD2d 612) and on the basis of amounts paid for personal expenses allegedly charged to a business account (*see, Matter of Barber v Cahill,* 240 AD2d 887, 889; *Matter of Smith v Smith,* 197 AD2d 830). Here, we find it significant that respondent acknowledged his ability and willingness to pay (and did pay $150 monthly) support in excess of his claimed income when he reported a negative income; this supports the conclusion that respondent earned more than his reported income (*see, Matter of Mireille J. v Ernst F. J.,* 220 AD2d 503; *Koerner v Koerner,* 170 AD2d 297).

Respondent's contention that the Hearing Examiner misinterpreted the raw data is without merit. The record reveals, for example, that respondent reported no income from the sale of firewood, although he advertised that he sells firewood and admittedly had 25 cords of wood on his property. Further, respondent admitted that he paid his personal bills, including utilities, phone bills and transportation costs, directly out of his business account. Also significant are respondent's comfortable lifestyle, his support of a live-in paramour and her daughter, and his continued participation in the expensive hobby of stock car racing. Based upon the foregoing we find no reason to disturb Family Court's determination.

We have reviewed respondent's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.