■ SCOTT A. HAAS, Appellant, v VICKI HAAS, Respondent. [695 NYS2d 644] —Judgment unanimously modified on the law and as modified affirmed without costs and the matter is remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in imputing an annual income of $35,000 to plaintiff for purposes of calculating plaintiff's child support obligation pursuant to the Child Support Standards Act ([CSSA] Domestic Relations Law § 240 [1-b]). The court "based its calculations on an approximation of [plaintiff's] income and not [plaintiff's] most recent Federal income tax returns" (Linda R. H. v Richard E. H., 205 AD2d 498, 500; see, Domestic Relations Law § 240 [1-b] [b] [5] [i]). Because plaintiff is self-employed, his income for CSSA purposes is his " 'gross income less allowable business expenses' " (Matter of Barber v Cahill, 240 AD2d 887, 889, quoting Bottitta v Bottitta, 194 AD2d 510, 513). On his most recent 1996 Federal income tax return, plaintiff reported gross income of $31,431 and business expenses of $18,281. Included in those business expenses, however, were depreciation expenses of $7,309 that did "not affect disposable income or otherwise impact on the ability to pay child support" (Dane v Dane, 220 AD2d 817, 818; see, Baraby v Baraby, 250 AD2d 201, 204-205; Matter of Mireille J. v Ernst F. J., 220 AD2d 503, 504). Plaintiff also claimed as business expenses costs related to a telephone ($1,665) and a truck ($4,793) that were used by him for personal, as well as business, reasons. Plaintiff's gross income ($31,431) less the business expenses that are allowable ($4,514) is therefore $26,917. To that amount we add $3,500 in imputed income for uncompensated remodeling work performed by plaintiff over a three-month period in 1996 (see, Domestic Relations Law § 240 [1-b] [b] [5] [iv]). Plaintiff's income for CSSA purposes is therefore $30,417 less $1,858 in self-employment tax actually paid (see, Matter of Barber v Cahill, supra, at 890, n 2; Carlin v Carlin, 217 AD2d 679; see also, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]). We reject defendant's contention that, because plaintiff deducted 50% of the self-employment tax on his income tax return, only 50% of the self-employment tax may be deducted pursuant to the CSSA.

There is no dispute concerning defendant's income. ($23,087.50) for CSSA purposes. Thus, the parties' combined

parental income is $51,646.50, $28,559 (55%) of which is attributable to plaintiff. Application of the CSSA formula results in a weekly support obligation of $136.57 ($51,646.50 $\times$ .25 $\times$ .55 ÷ 52) (see, Domestic Relations Law § 240 [1-b] [c] [2]).

The court also erred in determining that the $25,000 withdrawn by defendant from a joint savings account in November 1994 constituted her share of an inheritance and was her separate property. Defendant inherited two sums of money from her father during the course of the marriage. The first sum was deposited by defendant in a joint savings account, and a portion of that money was used for marital purposes to purchase furniture. The remaining balance ($6,112.12) allegedly was transferred to a separate savings account in defendant's name. Regardless of what defendant later did with that money, she did not rebut the presumption that the $6,112.12 lost its character as separate property when she deposited it in the joint savings account (see, Giuffre v Giuffre, 204 AD2d 684, 685).

Defendant contends that she loaned $25,000 of her inheritance to plaintiff and a third party to finance renovation of investment property owned by plaintiff and the third party. Bank records, however, do not substantiate the contention of defendant that the loan came from her separate savings account, and she failed to meet her burden of tracing the source of the funds used for the renovation (see, Pullman v Pullman, 176 AD2d 113, 114).

In any event, that investment property constituted marital property (see, Domestic Relations Law § 236 [B] [1] [c]). When that property was sold, all the proceeds from the sale, including the loan repayment, were deposited in a joint savings account without differentiation. There is no proof that the joint account was created as a matter of convenience and that the funds for that account came solely from defendant's separate property. Thus, the $25,000 that defendant withdrew from the joint savings account in November 1994 is marital property subject to equitable distribution (cf., Giuffre v Giuffre, supra).

Additionally, the court failed to make necessary findings concerning the value of each marital asset distributed to the parties (see, Domestic Relations Law § 236 [B] [5] [g]). Absent such findings, we are unable to review the propriety of the distributive award granted to plaintiff "to equalize the division of marital assets". Plaintiff's further contention with respect to the documentation of certain day care and medical expense arrears is outside the scope of the notice of appeal (see, Sommers v Sommers, 203 AD2d 975, 977), and we decline to exercise our

discretion to construe plaintiff's notice of appeal liberally to encompass that contention (*see, McSparron v McSparron*, 87 NY2d 275, 282, *rearg dismissed* 88 NY2d 916).

We therefore modify the judgment by reducing plaintiff's child support obligation under the 16th decretal paragraph to $136.57 per week; by reducing plaintiff's pro rata share of day care costs and uninsured medical and dental expenses under the 18th decretal paragraph to 55%; by vacating the 15th decretal paragraph and providing that the $25,000 that defendant withdrew from a joint savings account in November 1994 is marital property subject to equitable distribution; and by vacating the 9th through 14th and 17th decretal paragraphs, and we remit the matter to Supreme Court to recompute child support arrears and reconsider the distribution of marital property and make necessary findings of fact and conclusions of law. (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Matrimonial.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.