(November 18, 1999)

■ In the Matter of Ozzie H. Hickson, Respondent, v Anna Wallace, Appellant. [698 NYS2d 663] —Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about September 3, 1998, denying respondent's objections to a Final Order of Support of the same court (James Weigert, H.E.), entered on or about June 30, 1998, which, after a hearing, ordered respondent to pay child support in the amount of $233 biweekly, with arrears of $4,660 to be paid in $50 biweekly installments, unanimously modified, on the law, to provide that petitioner's arrears will be offset against respondent's arrears and to remand the matter for a determination of the amount of petitioner's arrears, and otherwise affirmed, without costs.

Since respondent was represented by counsel, who accepted service of petitioner's second petition in court and in respondent's presence without stating any objection on the record of that day, respondent's objection of lack of personal jurisdiction was waived.

It was improper for the Hearing Examiner not to have fixed a basic child support obligation in the first instance (*see, Bast v Rossoff*, 91 NY2d 723). Nonetheless, we find that the child support award made by Family Court is appropriate under the circumstances. Calculation of the basic child support obligation, with petitioner father's 1997 bonus included in his adjusted gross income, leads to the conclusion that the respondent mother's basic child support obligation was just $223 biweekly. However, based upon petitioner father's uncontradicted hearing testimony that his 1997 bonus was the last of a three-stage incentive bonus and will not be repeated, it would be a proper discretionary exercise (*see*, Family Ct Act § 413 [1] [f] [1], [10]) to increase the child support obligation of the non-custodial parent (*see*, Family Ct Act § 413 [1] [g]), here respondent mother, by an additional $10 biweekly, thus yielding a support obligation of $233 biweekly, the same figure reached by the Hearing Examiner.

We decline to disturb the Hearing Examiner's determina-

tions made on the basis of his observation of the parties' testimonial and documentary evidence (*see, e.g., Matter of Klein v Klein*, 251 AD2d 733, 735). We find, however, that petitioner's arrears should be offset against respondent's arrears of $4,660, particularly where the parties agreed to such an offset and where the Hearing Examiner had suspended petitioner's payments in apparent anticipation of such an offset. We have considered respondent's remaining arguments and find them unavailing. Concur—Ellerin, P. J., Rosenberger, Williams, Wallach and Andrias, JJ. [*See*, 270 AD2d —— (1st Dept, Mar. 28, 2000).]