■ Brenda K. Askew, Appellant, v Richard W. Askew, Respondent. [700 NYS2d 594] —Carpinello, J. Appeal from a judgment of the Supreme Court (Keniry, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered December 21, 1998 in Saratoga County, upon a decision of the court.

This action for divorce was commenced after a five-year marriage which produced one child, now seven years old. Plaintiff takes issue with several aspects of Supreme Court's distribution of property, its child support award and its denial of spousal maintenance. Upon our review of the trial in this matter, including the financial documentation in the record, we find that none of plaintiff's contentions has merit and the judgment should be affirmed in all respects.

First, we reject plaintiff's general contention that Supreme Court did not impute sufficient income to defendant for the purpose of calculating his child support obligation. Defendant is self-employed as a home inspector. Although his personal income tax return for 1996 reported a total income of $28,540, Supreme Court more than doubled this figure in fixing his an-

nual income, i.e., the court imputed an additional $29,460 in income to him and fixed his total income at $58,000. Given the evidence in the record concerning the parties' preseparation standard of living and defendant's use of his business account to pay personal expenses, we are satisfied that this figure represents an accurate depiction of defendant's income. Although plaintiff points to various major purchases in the first three years of their marriage to demonstrate that defendant's annual income is even greater than $58,000, the record reveals that the funds utilized for these purchases did not solely originate from defendant's business income; rather, it was demonstrated that the funds also came from premarital savings, life insurance cash value proceeds and loans. More importantly, in arriving at the $58,000 figure in setting defendant's income, Supreme Court expressly credited defendant's testimony that his business has declined in recent years due to changes in the real estate market, a credibility determination with which we will not interfere.

None of the cases relied upon by plaintiff (*see, e.g., Matter of Klein v Klein*, 251 AD2d 733; *Matter of Barber v Cahill*, 240 AD2d 887; *Matter of Liebman v Liebman*, 229 AD2d 778) support her contention that even more income should be imputed to defendant. To the contrary, these cases aptly recite that income may be imputed to a spouse who underreports business activity or pays personal expenses from business accounts and that the fact finder's determination concerning imputation—which is almost always based on the resolution of credibility questions—is given considerable deference (*see, id.*). Such rules apply with equal force in this case and support Supreme Court's resolution of this issue.

Next, we are particularly unpersuaded by plaintiff's contention that she is entitled to spousal maintenance. Plaintiff was only 41 years old and healthy when this relatively short marriage ended in December 1996 (*see*, Domestic Relations Law § 236 [B] [6] [a] [2]). Notably, she came into the marriage owning two properties, a residential property which she sold in 1994 netting $26,000 and a three-unit rental property which she still owns albeit jointly with defendant (*see*, Domestic Relations Law § 236 [B] [6] [a] [1]). With respect to this latter property, Supreme Court ordered that it be sold with plaintiff receiving the first $20,000 of the proceeds and one half of the remaining proceeds (*see, id.*). In addition to these funds, plaintiff was awarded ownership of a $34,028 Guardian Investment Fund and a distributive award of $5,069.44 to equalize the value of certain of the parties' other financial assets (*see*,

*id.*). Plaintiff holds a real estate license, has varied other work experience and as of September 1997 had a $79,000 financial portfolio, exclusive of $42,000 held in custodial accounts for her children (*see*, Domestic Relations Law § 236 [B] [6] [a] [1], [3], [4]).* Additionally, in 1997, she received $19,000 as part of an inheritance from her father's estate and expected to receive another distribution of approximately $20,000 (*see*, Domestic Relations Law § 236 [B] [6] [a] [1], [11]). Given these factors, the denial of maintenance will not be disturbed (*see*, *Maczek v Maczek*, 248 AD2d 835, 838).

Nor is plaintiff entitled to recoup one half of the funds paid to defendant's mother in December 1996. While defendant indeed paid his mother approximately $25,000 at that time, the record reveals that it represented the repayment of several loans advanced by her during the marriage and the source of the repaid funds was traced to the sale of defendant's separate property (*see*, *Wollner v Wollner*, 177 AD2d 805, 806; *Mink v Mink*, 163 AD2d 748, 749). Moreover, plaintiff offered insufficient proof that defendant converted these proceeds to marital property (*cf.*, *Judson v Judson*, 255 AD2d 656, 657; *Carney v Carney*, 202 AD2d 907, 908). Similarly flawed is her contention that she should receive a credit for her contribution of premarital funds to partially pay for a condominium purchased by the parties in July 1994, as she submitted insufficient documentation that she actually contributed such funds toward this purchase (*cf.*, *Judson v Judson*, *supra*).

Plaintiff's remaining arguments have been considered and rejected.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* As of the trial in this matter, plaintiff was earning $225 per week working part time for a family-owned business. However, Supreme Court found, and we agree, that she was underemployed as a matter of choice. Moreover, although the parties' daughter resides with plaintiff (*see*, Domestic Relations Law § 236 [B] [6] [a] [6]), she attends school on a full-time basis.