■ Hilda Santana, Appellant, v Pedro Santana, Respondent. [859 NYS2d 49]—

Judgment, Supreme Court, New York County (Marian Lewis, Special Ref.), entered April 20, 2007, inter alia, awarding plaintiff child support of $1,666.67 per month, maintenance of $2,000 per month for three years, and $80,000 representing 50% of the appraised value of defendant's business, unanimously modified, on the law and the facts, to vacate the award of child support and extend the duration of maintenance to five years, the matter remanded for a recalculation of the parties' child support obligations, and otherwise affirmed, without costs.

Several errors were made in determining child support. First, the court applied the statutory 25% percentage applicable to two children despite unrebutted testimony that the parties'

younger daughter (born in July 1990) has been living with defendant. Defendant should not have to pay plaintiff basic child support for this child as of the time the child began living with him. Second, the court incorrectly calculated the parties' total combined income. Plaintiff's annual income was correctly found to be $26,200 based on recent income tax returns, and defendant's annual income could not be ascertained because of his evasive and conflicting testimony and failure to produce appropriate documentation. The court therefore properly imputed income of $118,843.60 to defendant based on the average of his annual deposits into his personal checking account (*see Matter of Klein v Klein*, 251 AD2d 733, 735 [1998]); however, the court apparently overlooked an additional $18,250 per year that the neutral court evaluator found defendant earns from a wire transfer business located in his store. Third, where, as here, the combined parental income exceeds $80,000, the court is required to either apply the statutory percentage to the amount in excess of $80,000 or articulate reasons for not doing so (*see Matter of Cassano v Cassano*, 85 NY2d 649 [1995]; *Gina P. v Stephen S.*, 33 AD3d 412, 414 [2006]). The court, however, capped defendant's income at $80,000, and then apparently took a straight 25% of $80,000 in arriving at defendant's monthly basic child support obligation of $1,666.67, rather than multiplying combined parental income by the appropriate child support percentage and then prorating the product in the same proportion as each parent's income is to the combined parental income (Domestic Relations Law § 240 [1-b] [c] [2], [3]). The only reasons the court gave for deviating from the statutory method were the parties' "modest" marital lifestyle and the fact that the younger child resides with defendant. The latter fact, while a reason for not awarding plaintiff child support for the younger child, is not a reason for capping defendant's income, and, moreover, the record is insufficient to support a finding that the parties' marital lifestyle was modest. Fourth, the court failed to award the children's future reasonable health care expenses not covered by insurance, which award should be made in the same proportion as each parent's income is to the combined parental income (Domestic Relations Law § 240 [1-b] [c] [5]). Fifth, given the great disparity in the parties' incomes, the court should have directed defendant to pay his pro rata share of the younger child's college tuition and expenses based on the proportion of his income to the total combined parental income, rather than directing defendant to pay only 50% of those expenses.

Plaintiff is not entitled to permanent maintenance, as she claims, simply by reason of defendant's imputed high earnings. The purpose of maintenance is to give the recipient spouse a

sufficient period of time to become self-supporting (*see Naimollah v De Ugarte*, 18 AD3d 268, 271 [2005]). However, given the length of the parties' marriage, over 20 years, and the fact that plaintiff needs 12 more credits to complete her master's degree, attainment of which should enable her to earn more income, we modify the maintenance award to extend its duration from three to five years.

We have considered plaintiff's remaining contentions, including those relating to the distribution of marital property, and find them without merit. Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.