# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1385**
**CAF 11-00903**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF KRISTINE GROSSO,
PETITIONER-RESPONDENT-APPELLANT,

V                                                      MEMORANDUM AND ORDER

ROCCO GROSSO, RESPONDENT-APPELLANT-RESPONDENT.

---

MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (JON W. BRENIZER OF
COUNSEL), FOR RESPONDENT-APPELLANT-RESPONDENT.

FINOCCHIO & ENGLISH, SYRACUSE (MARK J. ENGLISH OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

KAREN J. DOCTER, ATTORNEY FOR THE CHILDREN, FAYETTEVILLE, FOR JOANNA
G. AND JACLYN G.

-------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Family Court,
Onondaga County (Martha E. Mulroy, J.), entered July 20, 2010 in a
proceeding pursuant to Family Court Act article 4.  The order, among
other things, denied the parties' objections to an order modifying
support issued by the Support Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Onondaga County, for further proceedings to
recalculate the father's income and child support obligation in
accordance with the following Memorandum:  Petitioner mother commenced
this proceeding seeking, inter alia, an upward modification of the
child support obligation of respondent father.  The Support Magistrate
increased the father's support obligation, and Family Court
thereafter, inter alia, denied the father's objections to the order of
the Support Magistrate.  The father contends that the Support
Magistrate's finding with respect to his income is inconsistent with
the definition of income in the Child Support Standards Act ([CSSA]
Family Ct Act § 413).  We agree with the father that his total income,
and thus his child support obligation, must be recalculated in
compliance with Family Court Act § 413.

The father, who is the sole shareholder of Syracuse Haulers, a
subchapter S corporation, contends that the Support Magistrate erred
in determining that his 2008 adjusted gross income from the business
of his subchapter S corporation was $707,510.82, including $109,196 in
capital gains, $5,238 in entertainment expenses, and $562,112.66 in
imputed income based on increased depreciation.

We reject at the outset the father's contention that he is not "self-employed" within the meaning of the CSSA. Generally, a sole shareholder of a subchapter S corporation, such as the father, is considered to be self-employed because the corporation's income is in essence the sole shareholder's income (*see generally Matter of Fowler v Rivera*, 40 AD3d 1093, 1094; *Terrell v Terrell*, 299 AD2d 810, 812; *Matter of Smith v Smith*, 197 AD2d 830, 831). Capital gains from the "subchapter S corporation[] in which [the father] has an interest is income for the purpose of determining child support" (*Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1081; *see generally Matter of Mitchell v Mitchell*, 264 AD2d 535, 539, *lv denied* 94 NY2d 754; *McFarland v McFarland*, 221 AD2d 983, 984). Here, contrary to the father's contention, the Support Magistrate properly included $109,196 in capital gains in his 2008 income, which the Support Magistrate derived from his 2008 individual income tax return.

With respect to the Support Magistrate's addition of entertainment expenses in the father's 2008 adjusted gross income, we note that, under the CSSA, income includes self-employment deductions, less certain expenditures that encompass "unreimbursed employee business expenses except to the extent said expenses reduce personal expenditures" (Family Ct Act § 413 [1] [b] [5] [vii] [A]). For a parent who is self-employed, income is the parent's "gross income less allowable business expenses" (*Haas v Haas*, 265 AD2d 887, 887 [internal quotation marks omitted]). The court thus may include in income "entertainment and travel allowances deducted from business income to the extent said allowances reduce personal expenditures" (§ 413 [1] [b] [5] [vi] [B]).

Here, the Support Magistrate included $5,238 in entertainment expenses in the father's income that were listed as deductions on the 2008 tax return of his subchapter S corporation. The Support Magistrate described those expenses as "items not found to be expenses properly deducted from the corporation income for political contributions, travel and entertainment, and unexplained penalties." There is, however, no testimony or other evidence in the record regarding whether those expenses were exclusively business expenses rather than personal expenses, nor is there testimony or other evidence regarding whether those expenses in fact reduced the father's personal expenses (*see Matter of Barber v Cahill*, 240 AD2d 887, 889). Because the mother failed to meet her burden of establishing that the expenses were personal in nature, or at least partially so, we conclude that the Support Magistrate abused her discretion in including the entertainment expenses in the amount of $5,238 in the father's income.

Finally, we agree with the father that the Support Magistrate erred in imputing income to him in the amount of $562,112.66 based on increased depreciation. As the father properly contends, on the record before us that amount was improperly imputed to his income because the Support Magistrate failed to make any calculation as to what the straight-line depreciation would have been within the meaning of Family Court Act § 413. Although the father's income for child support purposes may ultimately include imputed depreciation income,

the manner in which the Support Magistrate calculated the amount was not in accordance with Family Court Act § 413 (1) (b) (5) (vi) (A) because she did not calculate it as depreciation "greater than depreciation calculated on a straight-line basis for the purpose of determining business income." We therefore reverse the order and remit the matter to Family Court to recalculate the father's income and child support obligation in accordance with Family Court Act § 413.

We have considered the contention of the mother raised on her cross appeal and conclude that it is without merit.

Entered: December 30, 2011                    Frances E. Cafarell
                                              Clerk of the Court