■ ANDREW C. CARLIN, Appellant-Respondent, v ABBE E. CAR-LIN, Respondent-Appellant. [629 NYS2d 814] —In an action for divorce and ancillary relief, (1) the husband appeals, as limited by his brief, from so much of the judgment of the Supreme Court, Westchester County (Coppola, J.), dated December 7, 1993, as directed him to pay maintenance of $400 per month for three years and child support of $650 per month, equitably distributed the marital property, and awarded custody of the parties' child to the wife and (2) the wife cross-appeals, as limited by her brief, from so much of the same judgment as directed the husband to pay maintenance of $400 per month for three years, child support of $650 per month, and attorneys' fees of $10,000; equitably distributed the marital property; and denied her claim for necessaries.

Ordered that the judgment is modified, on the law, by deleting the fifth, seventh, and eighth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for new determinations on the issues of equitable distribution, child support, and maintenance in accordance herewith. In the interim, the husband shall continue to pay child support of $650 per month.

It is well settled that in making a custody determination, the court must consider what is in the best interests of the child (see, Domestic Relations Law § 240 [1]; Matter of Ebert v Ebert, 38 NY2d 700). Moreover, a custody determination is a matter that rests within the sound discretion of the trial court and

should be accorded great deference on appeal *(see, Eschbach v Eschbach,* 56 NY2d 167, 173-174). The record in this case supports the trial court's award of custody to the mother.

Moreover, the trial court did not err in ordering the husband to pay $10,000 of the wife's legal fees and in denying the wife's claim for necessaries.

However, we cannot, on the record before us, determine the propriety of the child support, equitable distribution, and maintenance awards. The trial court failed to adequately explain its reasoning or to set forth the various factors that it considered in making its determinations on those issues as required by the Domestic Relations Law. Specifically, the trial court did not explain how it calculated the husband's net income or refer to anything in the record that would support its finding that the husband is capable of earning a higher income. Also, the trial court apparently failed to subtract the husband's self-employment and City of Yonkers tax contributions from his gross income, which was improper *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [g], [h]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for an explanation of the child support, equitable distribution, and maintenance awards.

Finally, we note that, although any future liability arising from the parties' failure to file tax returns for several years is joint and several, there has been no finding of tax liability against the parties. Thus, the trial court was correct in not considering any potential tax debt for purposes of equitable distribution. Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.