■ ANDREW C. CARLIN, Respondent, v ABBE E. CARLIN, Appellant. [677 NYS2d 612] —In a matrimonial action in which the

parties were divorced by judgment dated December 7, 1993, the wife appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), dated July 10, 1997, which denied her motion to hold the husband in contempt of court for failing to comply with so much of an amended order of the same court (Donovan, J.), dated October 4, 1994, as awarded (1) the wife $21,455, representing the balance due on the wife's equitable distribution share, (2) the wife's attorney, Harold H. Newman, a judgment for $8,500 in legal fees, and (3) the wife 25% of the parties' tax savings for the year 1993.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the wife's motion which were to hold the husband in contempt of so much of the amended order dated October 4, 1994, as awarded the wife's attorney, Harold H. Newman, a judgment for $8,500 in legal fees, and the wife 25% of the parties' tax savings for the year 1993; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith on the issue of whether the husband is guilty of contempt of court and thereafter for the entry of judgment accordingly.

The parties' divorce judgment provided, *inter alia*, for the respondent to pay the appellant maintenance, child support, her equitable share of the marital assets, and the appellant's counsel's fees. Both parties appealed from the divorce judgment. On appeal, this Court, on July 31, 1995, modified the divorce judgment by deleting those provisions relating to equitable distribution, child support, and maintenance, and remitted the matter to the Supreme Court for an explanation of these awards (*see, Carlin v Carlin*, 217 AD2d 679). This Court, however, affirmed the award of attorney's fees.

Meanwhile, prior to the issuance of this Court's determination, the appellant moved to hold the respondent in contempt for failing to comply with certain provisions of the divorce judgment. By amended order dated October 4, 1994, the Supreme Court found that the respondent was in contempt for failure to pay certain sums and stated that he could purge himself of the contempt by making specified payments. The Supreme Court also, *inter alia*, awarded the appellant a money judgment against the respondent in the amount of $21,455, representing the balance due on the appellant's equitable distribution share, awarded the appellant's attorney, Harold H. Newman, a judgment for $8,500 in legal fees, and awarded the appellant 25% of the parties' tax savings for the year 1993.

In accordance with the direction by this Court, the Supreme Court issued a "determination" entered November 30, 1995, explaining its award for maintenance, child support, and equitable distribution. No order or judgment was entered on this determination. The appellant subsequently moved to hold the respondent in contempt of the amended order dated October 4, 1994. By order dated July 10, 1997, the Supreme Court denied the appellant's motion.

The Supreme Court properly denied that portion of the appellant's motion which sought to hold the respondent in contempt of that portion of the amended order which awarded the appellant a money judgment against the respondent in the amount of $21,455, representing the balance due on the appellant's equitable distribution award. The court's award was based on the equitable distribution award in the divorce judgment which was subsequently deleted by this Court on the prior appeal. Accordingly, the respondent cannot be held in contempt of this provision.

However, that portion of the amended order which awarded the appellant's attorney a money judgment for $8,500 representing legal fees, and awarded the appellant 25% of the parties' tax savings for the year 1993, was not affected by the appeal to this Court. Therefore, the Supreme Court should have addressed the issue of whether the respondent should be held in contempt of these two provisions of the court's order (see, Domestic Relations Law § 245). Accordingly, the matter is remitted to the Supreme Court for a hearing on this issue. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.