■ In the Matter of PAMELA ISE-SMITH, Respondent, v EDMUND OROK-EDEM, Appellant. [745 NYS2d 461] —In a proceeding pursuant to Family Court Act article 5, the father appeals from (1) an order of filiation of the Family Court, Kings County (Weinstein, J.), dated August 15, 2000, (2) an order of support of the same court (Shamahs, H.E.), dated March 22, 2001, which, after a hearing, directed him to pay $586.50 per month in child support, and (3) an order of the same court (Weinstein, J.), dated May 30, 2001, which denied his objections to the order of support.

Ordered that the appeal from the order dated August 15, 2000, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated March 22, 2001, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated May 30, 2001, is reversed, on the law, without costs or disbursements, the objections to the support order are sustained, the order dated March 22, 2001, is vacated, and the matter is remitted to the Family Court, Kings County, for a new determination in accordance herewith.

The appeal from the order of filiation dated August 15, 2000, must be dismissed, as that order is not appealable as of right and leave to appeal has not been granted (*see Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19, 28). In addition,

the appeal from the order dated March 22, 2001, must be dismissed as no appeal lies therefrom (*see* Family Ct Act § 439 [e]). However, the issues raised on appeal from both of those orders are brought up for review and have been considered on the appeal from the order dated May 30, 2001.

The Family Court improperly failed to deduct the appellant's self-employment tax contributions from his gross income before calculating his child support obligations (*see* Family Ct Act § 413 [1] [b] [5] [vii] [H]; *Carlin v Carlin,* 217 AD2d 679, 680). Furthermore, the court improperly failed to deduct the appellant's payments to his accountant as business expenses (*Matter of Barber v Cahill,* 240 AD2d 887, 889). Accordingly, the matter must be remitted to the Family Court, Kings County, for a new determination of the appellant's child support obligation.

The appellant's remaining contentions are without merit. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.