**Edmund Orok EDEM, Plaintiff–Appellant,**

v.

**Eliot L. SPITZER, Stewart Weinstein, Elizabeth Shamahs, Mark Clark, Paula Hepner, Mitchell Regenbogen, Alberto Gonzales, Michael Belohlavek, New York State Commission on Judicial Conduct, Michael A. Cardozo, John & Jane Does, Defendants–Appellees.**

No. 05–4499–cv.

United States Court of Appeals, Second Circuit.

Nov. 7, 2006.

Edmund Orok Edem, pro se, Staten Island, NY, for Plaintiff.

Gregory Silbert, Assistant Solicitor General, (Robert H. Easton, on the brief) for Eliot Spitzer, Attorney General of the State of New York, for Defendants.

Alan Beckhoff, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel, City of New York, for Defendants.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOHN M. WALKER, JR., and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Edmund Orok Edem, *pro se,* sues various government officials and entities for the alleged violation of his civil rights in the course of paternity proceedings in Kings County Family Court. *See* 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. Specifically, Edem contends that defendants conspired to deprive him of procedural due process by denying him the right to appeal from an August 15, 2000 state court order of filiation and child support. The district court, which had previously dismissed for lack of subject matter jurisdiction two prior complaints by Edem raising virtually identical claims, *see Edem v. State of New York,* No. 03–cv–1220 (RJD)(LB) (E.D.N.Y. Nov. 2, 2004); *Edem v. Northfield Savings Bank,* No. 04–cv–657 (RJD)(LB) (E.D.N.Y. Nov. 2, 2004), *sua sponte* dismissed Edem's most recent complaint as frivolous, holding, once again, that federal courts lack subject matter jurisdiction to hear Edem's claims pursuant to the doctrine articulated in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *See Edem v. Spitzer,* 05–cv–3504, 2005 WL 1971024 (E.D.N.Y. Aug.15, 2005). On appeal, we review this ruling *de novo. See Hoblock v. Albany County Bd. of Elections,* 422 F.3d

77, 83 (2d Cir.2005) ("Because *Rooker–Feldman* goes to subject-matter jurisdiction, we review *de novo* the district court's application of the doctrine."). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The *Rooker–Feldman* doctrine establishes that federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Edem's complaint satisfies all four factors identified in *Exxon Mobil* for the application of the *Rooker–Feldman* doctrine: (1) Edem lost the filiation claim in state court and, thus, was directed to provide financial support; (2) he complains of the injury caused by the state court order; (3) the state court determinations in question were rendered before this action was commenced; and (4) Edem seeks a declaration that the state court's judgment is unconstitutional and void. Accordingly, as the district court correctly concluded, federal courts lack subject matter jurisdiction to hear his claim.

In an effort to demonstrate that his claim is not barred by *Rooker–Feldman*, Edem submits that he does not challenge the state judgment, but rather the defendant's failure to afford him "adequate notice and an opportunity to be heard prior to the deprivation of his property rights," thereby depriving him of due process. Complaint at 5–6, § 13. We are not convinced. The procedural defects that plaintiff alleges are, in fact, inextricably intertwined with the substantive decisions of the state court. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d at 86–87 ("*Rooker–Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment.").

Under New York law, no appeal of right was available from the filiation or support order. *See Matter of Dep't of Soc. Serv. v. Jay W.*, 105 A.D.2d 19, 28, 482 N.Y.S.2d 810, 818 (2d Dep't 1984); Family Court Act § 439(e). Nevertheless, the issues underlying both orders were reviewable on appeal from the state court's final order dated May 30, 2001. *See Matter of Ise–Smith v. Orok–Edem*, 296 A.D.2d 414, 414–15, 745 N.Y.S.2d 461, 461 (2d Dep't 2002). To this extent, it appears that Edem was given a full and fair opportunity to litigate the challenged orders, which suggests that his due process claim is frivolous. We do not, however, reach that issue. Rather, we summarize the state proceedings only to illustrate that Edem's procedural due process claims are, in fact, inextricably intertwined with the state court's judgment, and thus, outside our subject matter jurisdiction. *See Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir.2002) (holding that this court may not review family court determinations that were decided after providing plaintiff a "full and fair opportunity to litigate those issues"). As we observed in *Hoblock v. Albany County Bd. of Elections*, simply "presenting in federal court a legal theory not raised in state court ... cannot insulate a federal plaintiff's suit from *Rooker–Feldman* if the federal suit nonetheless complains of injury from a state court judgment and seeks to have that state-court judgment reversed." 422 F.3d at 86.

Because we lack jurisdiction, we do not address plaintiff's remaining arguments or his miscellaneous motions. Accordingly,

we AFFIRM the judgment of the district court and DENY all pending motions as moot.