In the Matter of EDMUND OROK EDEM, Appellant, v STATE OF NEW YORK et al., Respondents. [902 NYS2d 381]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel compliance with a decision and order of this Court dated July 1, 2002, which determined the petitioner's appeal from an order of the Family Court, Kings County, dated August 15, 2000 (*see Matter of Ise-Smith v Orok-Edem*, 296 AD2d 414 [2002]), and remitted the matter to that court for a new determination of the petitioner's child support obligation, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated July 30, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A CPLR article 78 proceeding cannot be used to challenge a determination which can be adequately reviewed by appeal to a court (*see* CPLR 7801 [1]), or where the petitioner fails to establish a clear legal right to the remedy sought (*see Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 385 [1997]; *Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]).

The petitioner has already appealed from an order of filiation dated August 15, 2000 (*see Matter of Ise-Smith v Orok-Edem,* 296 AD2d 414 [2002]), and unsuccessfully prosecuted a proceeding pursuant to CPLR article 78 to challenge an order of support dated October 8, 2003 (*see Matter of Orok-Edem v Family Ct., Kings County,* 17 AD3d 470 [2005]). Moreover, the petitioner could have filed objections to an order dated May 2006 denying his petition to modify his child support obligation, but failed to do so. Consequently, he is not entitled to relief pursuant to CPLR article 78.

The petitioner's remaining contentions are either without merit or not properly before us on this appeal. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.