Matter of Julien v Ware (2020 NY Slip Op 00414)





Matter of Julien v Ware


2020 NY Slip Op 00414


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-11380
 (Docket No. F-1722-15)

[*1]In the Matter of Fabienne Julien, respondent,
v
Deshawn C. Ware, appellant.


Gambourg Law Group, New York, NY (Charles Claudio Simpkins of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated August 27, 2018. The order, insofar as appealed from, denied the father's objections to an order of the same court (Kathryn A. Baur, S.M.) dated May 21, 2018, which, after a hearing, inter alia, directed the father to pay child support in the sum of $692 biweekly, retroactive child support in the sum of $55,724.15, and 75% of the unreimbursed health-related expenses for the parties' child.
ORDERED that the order dated August 27, 2018, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated May 21, 2018, as failed to deduct the father's nonvoluntary union dues from his income in calculating his child support and related financial obligations, and substituting therefor a provision granting that objection; as so modified the order dated August 27, 2018, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a recalculation of the father's income and thereafter, if appropriate, a recalculation of his child support and related financial obligations in accordance herewith.
The father and the mother, who are not married, have one child together. Following a hearing on the mother's petition seeking child support, the Support Magistrate issued an order dated May 21, 2018, directing, among other things, that the father pay the sum of $692 biweekly for the support of the parties' child, 75% of the child's unreimbursed health-related expenses, and retroactive child support in the sum of $55,724.15. The father filed objections to the Support Magistrate's order, arguing, inter alia, that additional child support he pays for another child should have been deducted from his income, and that his nonvoluntary union dues and pension contributions also should have been deducted from his income. The Family Court denied the father's objections, and the father appeals.
Although no deduction from income for union dues is specifically mandated by the Family Court Act, there is an allowable deduction for "unreimbursed employee business expenses except to the extent said expenses reduce personal expenditures" (Family Ct Act § 413[1][b][5][vii][A]). Nonvoluntary union dues may be deducted under this category (see 33A Am Jur 2d, Federal Taxation ¶ 16502). "However, such expenses are properly deducted from parental income in calculating child support obligations only when proven, usually by tax returns accompanied by records and receipts" (La Porte v La Porte, 263 AD2d 585, 587).
At the hearing, counsel for the mother consented to the deduction of the father's nonvoluntary union dues from the father's income for the purposes of calculating his child support and related financial obligations. Thus, the Family Court should have granted the father's objection to so much of the Support Magistrate's order as failed to deduct the father's nonvoluntary union dues from his income in calculating his child support and related financial obligations.
However, we agree with the Family Court's determination denying the objection asserted by the father regarding a pension contribution deduction to his income, as he failed to request such a deduction at the hearing and, thus, could not raise it for the first time in his objections (see Matter of Loveless v Goldbloom, 141 AD3d 662; see also Matter of Lahrs v Lahrs, 158 AD2d 944).
The father's remaining contention is without merit (see Baumgardner v Baumgardner, 98 AD3d 929, 931).
In light our determination regarding the father's nonvoluntary union dues, we remit the matter to the Family Court, Kings County, for a recalculation of (1) the father's income after deduction of his nonvoluntary union dues, and thereafter, (2) if appropriate, his child support obligation, as well as his other financial obligations as set forth in the Support Magistrate's order (see generally Matter of Ise-Smith v Orok-Edem, 296 AD2d 414, 415; Bottitta v Bottitta, 194 AD2d 510, 513).
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court